IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOMMY JAMES KNIGHT, #149164, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>BILLY MITCHEM, et al., )<br>)<br>Respondents. ) | CASE NO. 2:08-CV-356-MHT<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Tommy James Knight ["Knight"], a state inmate, on May 13, 2008. In this petition, Knight challenges a conviction for second degree sodomy imposed upon him by the Circuit Court of Montgomery County, Alabama on January 10, 2007.[1] The trial court sentenced Knight as an habitual felony offender to twenty-one years' imprisonment for this conviction.

Knight filed a direct appeal of his sodomy conviction. On direct appeal, appellate

---

[1] In September of 2006, a Montgomery County Grand Jury indicted Knight on three counts of second degree sodomy in violation of *Ala. Code* § 13A-6-64. *Respondents' Exhibit A (Part I) - Court Doc. No. 9-1* at 11-13. Each count of the indictment charged that Knight "being 16 years or older, did engage in deviate sexual intercourse with another person, Courtney Knight, who was less than 16 years of age and more than 12 years of age, in violation of section 13A-6-64 of the Code of Alabama...." *Id.* After hearing all the evidence regarding three alleged sexual encounters with the victim, a duly empaneled jury convicted Tommy James Knight on one of the charged offenses – i.e., sodomy in the second degree regarding an offense which occurred in January of 2006. *Respondents' Exhibit A (Part IV) - Court Doc. No. 9-4* at 95.

counsel proceeded in accordance with *Anders v. California*, 386 U.S. 738 (1967). Additionally, Knight filed a *pro se* brief raising claims for relief from his sodomy conviction in which he argued: (1) The trial court erred in failing to grant the petitioner's motion for judgment of acquittal because the evidence was insufficient to sustain a conviction – i.e., the victim's testimony was contradicted by evidence presented on behalf of the defense; and (2) The trial court committed reversible error by overruling the petitioner's objection to hearsay testimony from a detective regarding how the petitioner was introduced to the victim. *Respondents' Exhibit D - (Pro Se Appellant's Brief) - Court Doc. No. 9-8* at 9-15. In support of this latter claim, Knight alleges that the challenged testimony (i) constituted "inadmissible hearsay" under applicable evidentiary rules because this testimony "functionally identified" him as the person who committed the criminal act, and (ii) admission of this testimony deprived him of the "Sixth Amendment right to confront the witnesses against him." *Id*. at 13.[2]

---

[2] The testimony at issue occurred upon direct examination by the prosecutor of detective S. R. Cooper with respect to statements made to Cooper by Marcus Davis, an individual who did not testify at trial:

> Q. Now, you mentioned you talked to Marcus Davis at some point; is that right[?].
> A. Yes, sir.
> Q. From dealing with Marcus Davis, were you able to -- was that consistent with what Courtney Knight told you?
> A. Yes. We brought [Davis] to the police department to question him in reference to how -- or whether or not he did really introduce Courtney to Tommy. He did tell us –
>     [TRIAL COUNSEL]: Objection, Your Honor; hearsay.
>     THE COURT: Overruled.
> A. [Davis] did state that he did introduce them to each other. He gave a statement, consistent statement with what Courtney was saying, that him and Tommy came and picked Courtney up from his residence and drove around the city of Montgomery.

*Respondents' Exhibit A (Part III) - Court Doc. No. 9-3* at 65. Contrary to Knight's assertion, this testimony does not identify him as the perpetrator of the offense; rather, it merely reflects the circumstances surrounding his introduction to the victim. Moreover, the victim had previously testified that he met Knight through Marcus

On October 26, 2007, the Alabama Court of Criminal Appeals affirmed Knight's conviction for second degree sodomy in an unpublished memorandum opinion. *Respondents' Exhibit E - Court Doc. No. 9-9*. The appellate court's opinion, in relevant part, reads as follows:

> [Knight] raises two issues on appeal: 1) the trial court erred in failing to grant his motion for judgment of acquittal because the evidence was insufficient to sustain a conviction, and 2) the trial court erred in overruling his objection to hearsay evidence identifying Knight as the person introduced to the victim by Marcus Davis.
>
> I.
>
> We review a trial court's denial of a motion for a judgment of acquittal by determining whether there existed legal evidence before the jury at the time the motion was made from which the jury, by fair inference, could have found the defendant guilty beyond a reasonable doubt. Willis v. State, 447 So.2d 199 (Ala. Crim.App. 1983).
>
>> "[A]ny 'inconsistencies and contradictions in the State's evidence, as well as [any] conflict between the State's evidence and that offered by the appellant, [goes] to the weight of the evidence and create[s a] question of fact to be resolved by the jury.' Rowell v. State, 647 So.2d 67, 69-70 (Ala.Crim.App. 1994) . "'[T]he credibility of witnesses and the weight or probative force of testimony is for the [trier of fact] to judge and determine.'" Johnson v. State, 555 So.2d 818, 820 (Ala.Crim.App. 1989), quoting in turn Byrd v. State, 24 Ala.App. 451, 136 So.2d 431 (1931). 'We have repeatedly held that it is not the province of this court to reweigh the evidence presented at trial.' Johnson, 555 So.2d at 820. "'When the jury has passed on the credibility of evidence tending to establish the defendant's guilt, this Court cannot

---

Davis. *Respondents' Exhibit A (Part II) - Court Doc. No. 9-2* at 68-69. Specifically, Knight testified that sometime at the beginning of December 2005 "Marcus had called me one night, and asked me do I want to go riding with [Marcus and the defendant]. I had asked my daddy, and he said it's okay. And then I told Marcus, and they came and picked me up. And we went riding around. And that's how we met each other." *Id.* at 69. The victim further testified that at this time no sexual contact occurred between himself and Tommy James Knight. *Id.* at 69-71.

>> disturb its finding.'" Rowell v. State, 647 So.2d at 69, quoting
>> Collins v. State, 412 So.2d 845, 846 (Ala.Crim.App. 1982)."
>
> Stoinski v. State, 956 So.2d 1174, 1181 (Ala.Crim.App. 2006).
>
> After reviewing the record on appeal, we find that the state presented a prima face case of second-degree sodomy. Section 13A-6-64, Ala. Code 1975, provides that:
>
>> "(a) A person commits the crime of sodomy in the second degree if:
>> (1) He, being 16 years or older, engages in deviate sexual intercourse with another person less than 16 and more than 12 years old."
>
> Section 13A-6-60, Ala. Code 1975, defines deviate sexual intercourse as:
>> "Any act of sexual gratification between persons not married to each other involving the sexual organs of one person and the mouth or anus of another."
>
> The victim, C. K., testified that he was fifteen years old [in January of 2006] when the appellant [a 41 year-old male at the time of the offense] picked him up in his Ford Expedition and took him to the appellant's house. The appellant removed C. K.'s clothes, took his own clothes down, put on a condom and put his penis inside C. K.'s buttocks. C. K. described two other times [a couple of months later] that Knight had anal sex with him, once in [appellant's] car in the parking lot of C. K.'s apartment complex and once behind the gym at Carver High School.
> * * *
>
>> "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in the light most favorable to the prosecution."
>
> Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App. 1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). The State met its burden of proof in this case; therefore, the trial court properly denied Knight's motion for judgment of acquittal.
>
> II.
>
> The appellant next contends that the trial court erred by overruling his objection to hearsay evidence identifying Knight as the person introduced to the victim by Marcus Davis. However, even if Det. Cooper's testimony constituted hearsay, it was cumulative of evidence already admitted

>   connecting the appellant to the victim.  This evidence consisted of phone
>   records between the two parties predating the offense.  Therefore, any error
>   would be harmless.  Rule 45, Ala.R.App.P.
>      The judgment of the trial court is is due to be affirmed.

*Respondents' Exhibit E - Court Doc. No. 9-9 at 2-6.*

Knight filed an application for rehearing, *Respondents' Exhibit H - Court Doc. No. 9-12*, which the Alabama Court of Criminal Appeals overruled on November 30, 2007. *Respondents' Exhibit I - Court Doc. No. 9-13*.  Knight then filed a petition for writ of certiorari with the Alabama Supreme Court.  *Respondents' Exhibit F - Court Doc. No. 9-10*.  The Alabama Supreme Court denied the petition for writ of certiorari and issued the certificate of judgment on April 11, 2008.  *Respondents' Exhibit G - Court Doc. No. 9-11*.

Knight initiated this 28 U.S.C. § 2254 action on May 13, 2008.  In this habeas petition, Knight asserts the same claims for relief as those he raised *pro se* on direct appeal of his sodomy conviction.  In their answers to the petition, the respondents argue that the claims pending before this court provide no basis for federal habeas relief.  Specifically, the respondents contend that Knight's challenge to the sufficiency of the evidence entitles him to no relief from this court as the state courts properly adjudicated such claim on the merits.  *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000).

The respondents further argue neither the non-constitutional claim regarding admission of hearsay testimony nor the alleged constitutional error in admitting such

testimony in violation of Knight's Sixth Amendment right to confront a witness warrants federal habeas relief, as the alleged hearsay testimony is merely cumulative of previous testimony by this same witness to which no objection was lodged, *Respondents' June 30, 2008 Answer - Court Doc. No. 9* at 10 n.3 ("Detective Cooper had already testified -- without objection -- that Marcus Davis introduced Knight to the victim."), and the admission of this testimony did not deprive Knight of fundamental fairness as both Cooper and the victim had previously testified that Davis introduced the victim to Tommy James Knight. *Id.* at 10.[3]

Upon review of the § 2254 petition, the answers of the respondents, Knight's responses to the answers, the state court record, opinions issued by the state courts and applicable federal law, this court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that

---

[3] With respect to Knight's claim that the hearsay testimony regarding the circumstances of his introduction to the victim denied him of the right to confront a witness, the respondents likewise argue this claim is procedurally defaulted as Knight failed to present it to the state courts in accordance with applicable procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989). In support of this argument, the respondents maintain that the confrontation claim is barred from review by this court because Knight raised it for the first time on direct appeal in support of his general hearsay claim. *Respondents' September 2, 2008 Second Supplemental Answer - Court Doc. No. 17* at 3 (The only objection to the testimony at trial "pertained to the admission of hearsay evidence. Hearsay objections have clearly been distinguished from claims that a defendant's right to confront a witness has been violated.... As such, a defendant must object based on his right to confront a witness."). The court notes, however, that the Alabama Court of Criminal Appeals did not reference procedural default in addressing this particular claim on direct appeal. In addition, based on the determination *infra* at 12-15 that the hearsay/confrontation claim entitles the petitioner to no relief, the court finds it unnecessary to address the procedural default argument set forth by the respondents.

the petition is due to be denied.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Throughout the pleadings filed in this case, Knight alleges he is actually innocent of second degree sodomy.  The law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.'  *Id.*"  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  In accordance with the foregoing, Knight is entitled to no relief from this court on any independent claim of actual innocence.

### B.  Adjudicated Claim - Sufficiency of the Evidence

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"].  "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."  *Price*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852; *Williams*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518.  Under

28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495,

8

146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853. Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'"). Thus, a federal court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522.

    Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636, 123 S.Ct. at 1851. As is clear from the foregoing, a federal "district court's review ... [of claims decided by the state courts] is greatly circumscribed and highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2007). The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Knight presented his challenge to the sufficiency of the evidence on direct appeal of his sodomy conviction. After discussion of the evidence presented by the State and a recitation of applicable state law, the Alabama Court of Criminal Appeals decided this issue adversely to the petitioner. *Respondents' Exhibit E - Court Doc. No. 9-9 at 3-6* ("After reviewing the record on appeal, we find that the state presented a prima facie case of second-degree sodomy.... The victim, C. K., testified that he was fifteen years old when the appellant [--whom testimony showed was 41 years old at the time of the offense --] picked him up in [appellant's] Ford Expedition and took [C. K.] to the appellant's house.

The appellant removed C. K.'s clothes, took his own clothes down, put on a condom and put his penis inside C. K.'s buttocks... The State met its burden of proof in this case; therefore, the trial court properly denied Knight's motion for judgment of acquittal."). Assessment of Holloway's sufficiency claim is therefore appropriate under the provisions of 28 U.S.C. § 2254(d)(1).

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is to determine whether the evidence could reasonably support a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979).

> But this inquiry does not require [this] court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." ... [I]nstead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (emphasis in original; citations and footnote omitted).

The Alabama Court of Criminal Appeals did not decide Knight's challenge to the sufficiency of the evidence "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state courts apply a rule that contradicts governing federal law. *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523. Consequently, the state appellate court's rejection of the sufficiency claim was not contrary to actual Supreme Court decisions. Further, a thorough and independent review by this court of the state court record submitted in this case establishes that the State presented sufficient evidence to support Knight's conviction for second degree sodomy. Thus, the

state court's rejection of Knight's argument was objectively reasonable and likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Thus, Knight is not entitled to relief from this court on his challenge to the sufficiency of the evidence.

### C.  Hearsay Challenges

Knight alleges that the trial court erred in admitting the testimony of Detective Cooper with respect to statements made to him by Marcus Davis, an individual who did not testify at trial, regarding the manner in which the victim was introduced to Knight. Knight maintains that this testimony constituted hearsay, the admission of which violated evidentiary rules and deprived him of the right to confront a witness. Knight argues that on direct appeal the state courts erred in finding the admission of this testimony harmless because the phone records referenced by the Alabama Court of Criminal Appeals in its opinion did not pre-date his introduction to the victim or the date of the offense for which he stands convicted. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 10 ("[T]he phone records could not be considered [cumulative evidence to the challenged testimony] because they were all related to events occurring after the January 2006 incident for which Knight was convicted.... The phone records do not show any phone calls until March 2006. [In addition], it was not proven by [these records] that Knight had any phone conversation with the alleged victim and certainly nothing could link the two prior to the January 2006 incident for which Knight was convicted."). Although the petitioner is

correct that the phone records note calls which occurred after January of 2006, he is nevertheless entitled to no relief on his hearsay claims as the challenged testimony is merely cumulative to other testimony previously submitted by the State.

The first witness called by the State, the victim, testified that sometime in December of 2005 Marcus Davis introduced him to the petitioner. *Respondents' Exhibit A (Part II) - Court Doc. No. 9-2* at 49-50. Moreover, Detective Cooper provided testimony, without objection, that Marcus Davis "is the person who introduced [the victim] to Tommy [Knight]." *Respondents' Exhibit A (Part III) - Court Doc. No. 9-3* at 54. The court further notes that the testimony at issue relates only to the victim's introduction to Tommy James Knight and in no way establishes any element of the offense for which the petitioner was convicted. In light of the foregoing, even assuming both constitutional and non-constitutional errors in admitting the testimony of Detective Cooper regarding statements made by Marcus Davis as to his role in introducing the victim to Tommy Knight, these errors are harmless.

> Insofar as [the petitioner] alleges that the [introduction of the testimony] deprived him of protections afforded by the Sixth Amendment, these "violations are subject to the harmless error standard." *United States v. Edwards*, 211 F.3d 1355, 1359 (11th Cir. 2000). Under this standard, the "inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986). This test is more demanding than that applied to non-constitutional violations. As we have noted:
>> non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect

> the verdict, or had but very slight effect. If one can say with fair assurance that the judgment was not substantially swayed by the error, judgment is due to be affirmed even though there was error.
>
> *United States v. Hornaday*, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (citations, internal quotation marks, and alterations omitted).

*United States v. Jones*, 601 F.3d 1247, 1264 (11th Cir. 2010).

Detective Cooper's testimony referencing Marcus Davis' statement as to how the victim met Tommy Knight was of little or no importance to the State's proof of any requisite elements of the offense. Moreover, the testimony provided only cumulative evidence as the jury previously heard testimony from the victim explaining that Marcus Davis had introduced him to the petitioner.[4] Given the evidence presented by the State, even absent Detective Cooper's testimony at any stage of the trial regarding Davis' introduction of the victim to the petitioner, the State presented ample evidence of Knight's guilt. Thus, it is clear that the challenged testimony had either very little or no effect at all on the jury's verdict.

"For these reasons, even assuming a Confrontation Clause violation, [this court] conclude[s] that any error that did occur was harmless beyond a reasonable doubt. *Van Arsdall*, 475 U.S. at 648, 106 S.Ct.1438." *Jones*, 601 F.3d at 1264. To the extent that admitting the evidence violated applicable evidentiary rules, "this non-constitutional error was similarly harmless. In light of all the evidence available to the jury, '[the court] can

---

[4] As noted above, Detective Cooper provided prior testimony, absent any objection, that Marcus Davis introduced the victim to Tommy Knight.

"say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by [admission of the challenged testimony from Detective Cooper]," and therefore "substantial rights were not affected."' *Hornaday*, 392 F.3d at 1316 (quoting *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946))." *Jones*, 601 F.3d at 1264. Consequently, the challenges presented by Knight to the testimony of Detective Cooper provide no basis for relief from his sodomy conviction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Tommy James Knight be DENIED.

2.  *This case be DISMISSED with prejudice.*

It is further

ORDERED that on or before November 3, 2010 the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in

the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

Done, this 19th day of October, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE